IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                          Case No. 5:08-cr-50058-TLB-MEF

JUAN CARLOS CACERES-MEJIA                                                            DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Defendant's handwritten pro se motion entitled "Motion Establishing That Defendant Is Not Able And Even With The Use Of A Reasonable Installment Schedule Is Not Likely To Become Able To Pay All Or Part Of The Fine Required By The Preceding Provisions" filed August 20, 2015. (Doc. 66) No service was authorized and the United States of America, therefore, has not filed any Response.

**I.  Background**

On October 3, 2014, Defendant pleaded guilty plea to an Information charging him with use of a communication facility in facilitating a drug trafficking crime, in violation of 21 U.S.C. § 843(b). (Doc. 47) An initial Presentence Investigation Report ("PSR") was prepared on December 18, 2014, and it noted that while Defendant had no assets which could be easily liquidated to pay a fine, "[i]t is believed the defendant can perform some type of work and is able to make payments toward a fine." (Doc. 49, ¶ 68) Defendant made no objection to this finding in the initial PSR, and a final PSR incorporating the same language was submitted to the Court on January 13, 2015. (Doc. 52, ¶ 68) The final PSR also noted that the statutory maximum fine was $250,000, and that the Guidelines fine range for this offense was from $15,000 to $150,000. (Doc. 52, ¶¶ 80, 82) Defendant was sentenced on February 13, 2015 to 48 months imprisonment, one (1) year supervised release,

a $500.00 fine (interest waived), and a $100.00 special assessment. (Doc. 54, pp. 1-2) Judgment was entered by the Court on February 17, 2015. (Doc. 55) Defendant did not pursue a direct appeal from the Judgment.

In his Motion, Defendant alleges that he "is unable to pay and is not likely to become able to pay a fine," and that he is only able to pay the special assessment of $100.00. (Doc. 66, p. 7)

## II.  Discussion

Defendant's conclusory allegation that he "is unable to pay and is not likely to become able to pay a fine" provides no basis upon which the fine imposed may be remitted or modified.

Defendant did not appeal from the Judgment imposing the fine, so modification of the fine is not permitted under 18 U.S.C.A. § 3742. Modification or remittance of the fine has not been sought by the Government, so relief cannot be granted pursuant to 18 U.S.C.A. § 3573. Finally, Rule 35(a) of the Federal Rules of Criminal Procedure permits correction of an error in a sentence if the request is made within 14 days after sentencing. There is no indication of any arithmetical, technical, or other clear error in the fine imposed, and the time provided by Rule 35(a) has long since passed.

There are simply no legal grounds, and Defendant cites to none, to support Defendant's request that his fine be remitted.

## III.  Conclusion

Based on the foregoing, I recommend that the instant motion (Doc. 66) be **DISMISSED with PREJUDICE.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of March, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE